**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

MARCO SALINAS, individually and on §
behalf of similarly situated consumers, §
§
    *Plaintiff*, §
§    Civil Action No.  SA-18-CV-733-XR
v. §
§
R.A. ROGERS, INC., §
§
    *Defendant*. §

## ORDER

On this date, the Court considered Defendant's Motion for Summary Judgment (docket no. 22), Plaintiff's response (docket no. 23), and Defendant's reply (docket no. 24). After careful consideration, the Court GRANTS Defendant's motion.

## BACKGROUND

This case stems from Defendant R.A. Rogers's attempt to collect a debt owed by Plaintiff Marco Salinas for a loan from Security Service Federal Credit Union ("SSFCU"). SSFCU turned over collection of this debt to Defendant, and Defendant's subsequent collection effort led to Plaintiff's filing of this suit on July 16, 2018. Docket no. 1.

On an unknown date, Plaintiff took out a loan for personal, family, and household use from SSFCU. Docket no. 1 at 2. On September 5, 2017, Defendant sent an initial dunning letter in an attempt to collect on this debt. *Id.* The letter states that the "principle balance" is $4,629.96 with $0.00 in "fee[s]" and "interest." Docket no. 23-1. It also states that the total amount due is $4,629.96 in two other places on the letter. *Id.* Defendant's letter states, "[i]n the event there is interest or other charges accruing on your account, the amount due may be greater than the amount

1

shown above after the date of this notice." *Id.* Plaintiff alleges that this language is false, deceptive, and misleading in violation of the Fair Debt Collection Practices Act ("FDCPA") because Defendant does not collect interest or other charges related to SSFCU and the agreement between Plaintiff and SSFCU does not allow for interest to accrue or other charges to be added. Docket no. 23 at 2–3.

Plaintiff brings this suit as a class action under Federal Rule of Civil Procedure 23 and seeks certification for the class to include "[a]ll consumers within the State of Texas that have received collection letters from Defendant concerning debts from Security Service FCU within one year prior to filing of his complaint which falsely represent to the consumer that interest or other charges may accrue." Docket no. 1 at 3.

Defendant now moves for summary judgment on the basis that no reasonable factfinder could find the statement at issue in the 2017 letter violates 15 U.S.C. § 1692 because it is accurate and thus not false, deceptive, or misleading. Defendant agrees that it does not collect interest or other charges on debts referred to it for collection by SSFCU and that the agreement between Plaintiff and SSFCU is silent as to whether interest or other charges could accrue. Docket no. 22 at 4–5. Defendant does not agree that this renders the statement false, deceptive, or misleading because of the conditional language used. *Id.* at 11.

## DISCUSSION

### I.    Applicable Law

#### a.    Standard of Review

A party is entitled to summary judgment only if it demonstrates that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In order to demonstrate that there is no genuine issue of material fact, a movant either has

to negate the existence of a material element of the non-movant's claim or defense or point out that the evidence in the record is insufficient when the non-movant bears the burden of proof for that element at trial. *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). To satisfy its initial responsibility, a movant without the burden of proof at trial need only point out that there is an absence of evidence to support the non-movant's claim to shift the burden to the non-movant to show that summary judgment is not proper. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991).

There is a genuine issue of material fact when the evidence allows a reasonable jury to return a verdict for the non-movant. *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In order to conclude that no genuine issue of material fact exists, the court must be satisfied that no reasonable trier of fact could have found for the non-movant. *See Anderson*, 477 U.S. at 250 n.4.   A court on summary judgment must review the summary judgment record taken as a whole, but the court is not permitted to make "credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). The court must review "all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.2010).

b.    **FDCPA Standards**

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692e. Because it is clear that Congress "intended the FDCPA to have a broad remedial scope," the FDCPA should be "construed broadly and in favor of the consumer." *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016) (internal citations and quotations omitted). In order to state a claim under § 1692e, (1) the Plaintiff must be a

"consumer" under the Act, (2) the defendant must be a "debt collector" under the Act, and (3) the defendant's alleged act or omission must constitute a violation of that provision of the FDCPA. *See Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009). Because both parties agree that Plaintiff is a "consumer" and Defendant is a "debt collector," the Court's decision will turn on whether the alleged conduct violated the FDCPA. The FDCPA provisions cited by Plaintiff prohibit debt collectors from

- using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e;

- making a "false representation of the character, amount, or legal status of any debt," *id.* § 1692e(2)(A);

- making a "false representation of any services rendered or compensation received by a debt collector for the collection of a debt," *id.* § 1692e(2)(B); or

- using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* § 1692e(10).

### i.      The Least Sophisticated or Unsophisticated Consumer

The Court should "evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004) (citing *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1996)). The unsophisticated consumer is neither "shrewd nor experienced in dealing with creditors" because the standard's purpose is to protect the unexperienced and untrained consumer from deceptive debt collection practices but also to protect debt collectors from liability due to bizarre consumer expectations. *Taylor*, 103 F.3d at 1236. The consumer is not considered to be "tied to the very last rung on the sophistication ladder," *id.*, and can be "expected to read the entire

collection letter with some care," *Osborn v. Ekpsz, L.L.C.*, 821 F. Supp. 2d 859, 867 (S.D. Tex. 2001) (citing *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005)). For these reasons, "debt collection letters must be considered as a whole when determining if they violate the FDCPA." *Gomez v. Neimann & Heyer, L.L.P.*, No. 1:16-CV-119 RP, 2016 WL 3562148 at *3 (W.D. Tex. June 24, 2016) (citing *Gonzalez*, 577 F.3d at 607 and *Peter v. GC Servs. L.P.*, 310 F.3d 344, 349 (5th Cir. 2002)).

Generally, the issue of whether an unsophisticated consumer would perceive a collection letter as deceptive or unfair is a question of fact. *Carter v. First Nat. Collection Bureau, Inc.*, 135 F. Supp. 3d 565, 569 (S.D. Tex. 2015) (citing *Gonzalez*, 577 F.3d at 605–06). The court can enter a decision as a matter of law only when "reasonable minds" could not differ in the determination of the letter as deceptive, misleading, or unfair. *Gomez*, 2016 WL 3562148 (citing *Gonzalez*, 577 F.3d at 606–07). Because the unsophisticated consumer test is objective, it does not matter whether the consumer who actually received the allegedly violative letter was misled or deceived. *Id.* (citing *Taylor*, 103 F.3d at 1236). The Fifth Circuit has used the dismissal standard of the Seventh Circuit for FDCPA claims—"'[w]hether a [collection] letter is confusing is a question of fact' and a '[d]ismissal is appropriate only when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 512 (5th Cir. 2016) (quoting *McMahon v. LVNV Funding, L.L.C.*, 744 F.3d 1010, 1020 (7th Cir. 2014) (alterations in original)).

### ii.    False, Deceptive, or Misleading Under Section 1692e

While the Fifth Circuit has not explicitly defined what it means for a debt collection letter to be false, deceptive, or misleading under the FDCPA, another district court in this Circuit has determined that circuit court decisions nationwide support the conclusion that all three function

substantially identically, especially after the advent of the materiality standard. *Gomez*, 2016 WL 3562148, at *4. The Seventh Circuit held that "even when a debt collector's communication is objectively false in a 'hypertechnical' sense, they have not violated the FDCPA unless the statement could have actually misled an unsophisticated consumer." *Id.* (citing *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009)). The Seventh Circuit later clarified that the materiality standard should be used in determining whether a false, deceptive, or misleading statement actually violates the FDCPA. *Hahn v. Triumph P'ships L.L.C.*, 557 F.3d 755, 757 (7th Cir. 2009).

A statement meets the materiality standard if it has "the ability to influence a consumer's decision." *O'Rourke v. Palisades Acquisition XVI, L.L.C.*, 635 F.3d 938, 942 (7th Cir. 2011) (citing *Hahn*, 557 F.3d at 758). This approach has since been adopted by the Third, Fourth, Sixth, and Ninth Circuits, all of which have adopted a materiality standard as implicit to the least sophisticated or unsophisticated consumer standards. *Gomez*, 2016 WL 3562148, at *5. As a result, there is an extremely close relationship between false and misleading under the FDCPA because a false statement is only misleading if it has the ability to influence a consumer's decision. *Id.*

The Second Circuit's widely accepted characterization of a deceptive debt collection letter—one that "can be reasonably read to have two or more different meanings, one of which is inaccurate"—has resulted in a shared meaning between deceptive and misleading. *Gomez*, 2016 WL 3562148, at *5 (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)). While the Fifth Circuit has never explicitly adopted these widely accepted approaches or characterizations of other circuits, a review of its cases involving § 1692e suggest the use of many of the same criteria—"whether the unsophisticated or least sophisticated consumer would have been led by the

debt collection letter into believing something untrue that would have influenced their decision-making." *Id.* (citing *Gonzalez*, 577 F.3d at 604 and *Goswami*, 377 F.3d at 495).

## II.   Application

Plaintiff's FDCPA claim alleges that Defendant's letter used deceptive language that falsely implied that the balance would increase if the Plaintiff failed to make immediate payment. Docket no. 1 at 2. The language at issue states, "[i]n the event there is interest or other charges accruing on your account, the amount due may be greater than the amount shown above after the date of this notice." Docket no. 23-1. For Plaintiff to survive summary judgment, the Court must determine that there is a genuine issue of material fact as to one of the following: whether an unsophisticated consumer (1) would have been led to believe something untrue (2) that would have had a material effect on their decision-making. To find for Defendant, the Court must find that reasonable minds cannot differ as to whether the collection letter is false, deceptive, or misleading.

### a.   False, Deceptive, or Misleading

Defendant moves for summary judgment on the grounds that the letter is not false, deceptive, or misleading under § 1692e because the letter as a whole is accurate and Plaintiff has not presented sufficient evidence to indicate otherwise. First, Defendant argues that Plaintiff did not provide the loan agreement between him and SSFCU that supposedly prohibits interest or other charges or point out any statute or regulation that would prohibit such interest or other charges. Docket no. 22 at 2. Therefore, there is no evidence in the record that SSFCU could not apply interest or other charges to the loan following default. *Id.* Second, Defendant admits that R.A. Rogers does not collect interest or other charges on debts related to SSFCU, but that fact does not render the statement false, deceptive, or misleading under § 1692e. *Id.* at 3. Third, the letter states that "the amount due may be greater," not that the account "is accruing" interest and other charges

or that the "amount due will be greater." *Id.* at 11. Defendant further argues that the conditional modifier at the beginning of the sentence, "[i]n the event," in combination with the reference to "the amount shown above," which does not show any interest or fees on the account, demonstrates that Plaintiff's interpretation of the letter is unreasonable. *Id.* Thus, there is only one reasonable interpretation of the letter—that the amount may be greater after the date of the letter in the event that the creditor charges interest or other charges. *Id.*

"[A] plaintiff's mere claim of confusion is not enough to withstand a motion for summary judgment. Rather a plaintiff must demonstrate that the letter's language unacceptably increases the level of confusion." *Sims v. GC Services L.P.*, 445 F.3d 959, 963 (7th Cir. 2006) (citing *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 414–15 (7th Cir. 2005)). A plaintiff can demonstrate a triable issue of fact if the "collection letter is confusing or unclear on its face" or through "objective evidence of confusion . . . such as surveys that attempt to measure the level of consumer understanding" of the letter. *Id.*

The Court will first determine whether the language in the collection letter is confusing or unclear on its face such that it could lead an unsophisticated consumer to believe something untrue. Based on a review of other circuit court opinions dealing with the effect of conditional language on whether a debt collection letter is false, deceptive, or misleading, this Court finds that Defendant's interpretation of the letter is the only reasonable one.

The Ninth Circuit has held that conditional language can render a statement misleading even if it is "literally true." *Gonzales v. Arrow Fin. Servs.*, 660 F.3d 1055, 1062 (9th Cir. 2011) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006) and *Avila v. Rubin*, 84 F.3d 222, 226–27 (7th Cir. 1996)). The debt collection letter in *Gonzales* stated: "[u]pon receipt of the settlement amount and clearance of funds, and if we are reporting the account, the appropriate

credit bureaus will be notified that this account has been settled." *Id.* at 1059. It found this language misleading because there were no circumstances under which obsolete debts could be reported to a credit bureau. *Id.* at 1063. Similarly, the Seventh Circuit has found that a statement was misleading despite conditional language because the statement implied the debt collector could do something it was not authorized to do—file a lawsuit to recover the debt and attorney's fees. *See Lox v. CDA, Ltd.*, 689 F.3d 818, 823–24 (7th Cir. 2012). In *Lox*, the debt collection letter stated: "[y]ou have the right to pay this claim now . . . . Our client may take legal steps against you and if the courts award judgement, the court could allow court costs and attorney fees." *Id.* at 820–21.

The Seventh Circuit later held that language stating "[t]his settlement may have tax consequences" was not misleading. *Dunbar v. Kohn Law Firm, S.C.*, 896 F.3d 762, 764 (7th Cir. 2018). Although insolvent debtors could not incur a tax liability for any discharged debts, it found that this warning did not imply that a debt collector can or will take an action it has no authority to take. *Id.* at 766. The distinguishing characteristics between *Dunbar* and both *Arrow* and *Lox* were that *Arrow* and *Lox* dealt with (1) static conditions that could not possibly change to become true at the time of the letter and (2) debt collectors who knew or could have easily determined whether aspects of the statement were applicable or obsolete to consumers. *Id.* This principle is further illustrated in an earlier Seventh Circuit decision holding that language stating that "if applicable, your account may have or will accrue interest at a rate specified in your contractual agreement with the original creditor" was not misleading because, although two of the creditors involved had stopped adding interest, one of the creditors was still adding interest. *Id.* at 765 (citing *Taylor v. Cavalry Investment, L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004)). The word "may" or "might" does not signal that something is likely or certain to happen, but just that something is possible. *Id.* at 765–66.

Applying this framework here, there is insufficient evidence in the record to create a fact issue as to whether the language in Defendant's debt collection letter to Plaintiff would lead an unsophisticated consumer to believe something untrue, which is required by the Fifth Circuit. First, Texas law stipulates that a six percent interest rate may be applied to the principal balance of the loan starting thirty days after payment is due when the obligor has not agreed on an interest rate. TEX. FIN. CODE ANN. § 302.002. Therefore, the statement is not false because interest may in fact accrue on defaulted loans even if there is no agreed-upon interest rate in the original contract. Plaintiff also fails to produce the loan agreement or any statute or regulation that would absolutely prohibit interest or other charges to accrue on the account following default. Second, there is insufficient evidence to show that there is a genuine issue of material fact as to whether the letter is misleading or deceptive despite being actually true. The distinguishing characteristics of *Arrow* and *Lox* are not present because (1) the condition is not static because creditors may charge and receive interest from the obligor even if not originally agreed to in the contract and (2) the debt collector could not know or easily discover whether SSFCU would choose to exercise this option for individual consumers.

Thus, the conditional language in the letter is not confusing or unclear on its face because the collection letter accurately conveys the possibility that the original creditor may elect to charge the debtor interest on a defaulted loan, which is permissible on a defaulted loan under Texas law. Therefore, in order for Plaintiff to survive Defendant's motion for summary judgment, Plaintiff must present some objective evidence of confusion. Plaintiff not only fails to submit any objective evidence of confusion, but also fails to produce any evidence of subjective confusion on the part of the Plaintiff. Plaintiff has thus failed to demonstrate that the language of the collection letter unacceptably increases the level of confusion or even increases the level of confusion to any

degree. As a result, it is unnecessary to reach the issue of materiality because there is no genuine issue of material fact as to whether the letter is false, deceptive, or misleading under § 1692e.

Defendant's Motion for Summary Judgment is GRANTED because the letter is not confusing or unclear on its face and there is no objective evidence in the record of an unacceptable level of confusion. There is insufficient evidence in the record to create a triable issue of fact as to whether Defendant's debt collection letter is false, deceptive, or misleading. Plaintiff's request for class certification is DENIED for the same reasons.

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment (docket no. 22) is GRANTED. Plaintiff's claims are DISMISSED. The Clerk is directed to CLOSE this case.

It is so ORDERED.

SIGNED this 13th day of June, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE